IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No: 3:06-CV-1761-M |
| THE SERVICE MASTER COMPANY and TERMINIX INTERNATIONAL COMPANY, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Motion to Dismiss filed by Defendant Service Master Company ("Service Master") is **DENIED**. This action is **STAYED** until **October 8, 2007**, to allow the Equal Employment Opportunity Commission ("EEOC") to amend the administrative charge and to pursue conciliation with Service Master. Following such attempt at conciliation, the EEOC may amend its First Amended Complaint to address the deficiencies identified in this Order.

**I. BACKGROUND**

Plaintiff EEOC is an independent federal commission charged with investigating claims of discrimination and enforcing antidiscrimination statutes. Sadakka Morehead submitted a charge of race discrimination against Terminix International Company ("Terminix"), alleging that Terminix denied him a promotion to Pest Control Technician in or about April 2005. The EEOC investigated Morehead's claim and found reasonable cause to believe that Morehead, and

a class of similarly situated Black employees, had been discriminated against by Terminix's refusal to promote them to the position of Pest Control Service Technician, because of their race. The EEOC informed Terminix of its finding and advised Terminix of steps it could take to avoid suit. The EEOC later concluded that Terminix had not taken the necessary steps and brought this suit.

The EEOC asserts that Terminix and its codefendant Service Master discriminated against three employees—"Charging Party Saddaka Morehead" and "aggrieved Individuals A.C. Jenkins and Ricky Reese"—and similarly situated Black employees by "failing or refusing to promote them to the positions of Pest Control Service Technician because of their race." In its Original Complaint, the EEOC designated a single Defendant, "The Service Master Co. d/b/a Terminix International Co." Service Master filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The EEOC amended its Original Complaint to name both Terminix and Service Master as Defendants.

Service Master's Motion to Dismiss is based on three arguments. First, Service Master contends that both the Original Complaint and First Amended Complaint fail to allege any joint employer theory of liability by which Service Master could be responsible for the alleged discrimination against Morehead and the other aggrieved employees. Second, Service Master argues that the EEOC performed neither an investigation into Service Master's conduct nor conciliatory proceedings with Service Master, and that the EEOC is therefore barred from bringing suit under Title VII. Last, Service Master argues that an investigation of Service Master would not have reasonably followed from the charge filed by Morehead, and that, therefore, no suit can be brought against Service Master.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiff, and all well-pled facts in the complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted).  Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*  In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### A. Joint Employer Liability

The liability of a parent company for employment discrimination by its subsidiary depends on whether the parent company and its subsidiaries are in fact a single employer. As stated by the Fifth Circuit,

> The rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: *a single employer.* Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

*Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 615 (5th Cir. 1999) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)); *see also Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 450 (5th Cir. 1994) (applying *Trevino* to a Title VII action), *abrogated on other grounds by Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998).

In analyzing the second factor, which is traditionally considered the most important of the five, courts have focused on the question of which entity made the final decision regarding matters related to the claimant's employment. *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997) (quoting *Trevino*, 701 F.2d at 404). This Court has ruled that for a parent company to be liable under a joint employment theory, a complaint must allege that the parent company made final decisions concerning employment for a subsidiary. *Wright v. Cygnet Fin. Services/Ugly Duckling*, No. 3:00-CV-2411-M, 2001 WL 1658123, at *4 (N.D. Tex. Dec. 21, 2001) (Lynn, J.).

The EEOC does not claim that Service Master was the employer of Morehead. The EEOC has also failed to allege in either the Original Complaint or the First Amended Complaint any facts under which Service Master could be liable under a joint liability theory. The Original Complaint fails to distinguish between Terminix and Service Master as separate Defendants in the action and makes no mention of a joint liability theory, or any facts relevant to it. The First Amended Complaint is likewise deficient. Although it distinguishes between Terminix and Service Master, it fails to allege either that Service Master was the employer of Morehead or that Service Master made final decisions regarding the employment of the claimant or the allegedly aggrieved parties. The EEOC does allege joint liability theory in its Response to Defendant's

Motion to Dismiss.[1] The Court **GRANTS** the EEOC leave to amend the First Amended Complaint to allege facts supporting a joint liability theory, and **DENIES** Defendant's Motion to Strike.

*B. Necessity of Conciliatory Proceedings*

Satisfaction of its statutory obligations is a precondition to suit by the EEOC under Title VII.[2] *Equal Employment Opportunity Comm'n v. Magnolia Elec. Power Ass'n*, 635 F.2d 375, 378 (5th Cir. 1981). "When the EEOC ignores, fails to obey, or capriciously deprives a respondent of its administrative procedures, no suit may be prosecuted against that respondent regardless of prejudice." *Id*. In relevant part, the EEOC must investigate the issues raised by a charge and make a determination of "reasonable cause" with respect to an alleged violation of Title VII. 42 U.S.C. § 2000e-5(b). If "reasonable cause" is found, the EEOC must attempt to conciliate the dispute. *Id*. Finally, failing conciliation, the EEOC may litigate the dispute. *Magnolia*, 635 F.2d at 378. If these steps are not followed with respect to a particular party, the EEOC may not bring suit against that party. *Id.*

The EEOC has not attempted to conciliate the dispute with Service Master, and has therefore not satisfied a precondition to suit. The EEOC claims that Service Master had notice of both the administrative charge against Terminix and the current litigation. This fact is not the same as attempting "to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). Service Master

---

[1] The EEOC alleges facts in its Response that support its assertion that Service Master is liable under a joint liability theory. For this reason, the Court does not consider granting leave to amend to be futile.

[2] Title VII states, in part, "If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b).

was not given an opportunity for conciliation with the EEOC. All of the correspondence from the EEOC stemming from the filing of Morehead's charge was sent to Terminix, as was the EEOC's offer of conciliation. The demands for resolution made by the EEOC in the conciliation offer were only concerned with the employment and promotion procedures of Terminix.

The EEOC claims that it did investigate the relationship between Service Master and Terminix, and found that Service Master is the parent company of Terminix. Even if true, this fact does not establish an effort by the EEOC to attempt to conciliate its dispute with Service Master. If the EEOC wishes to continue suit against Service Master, it must at least attempt conciliation with it. Toward this end, the Court **STAYS** this action until October 8, 2007 to allow the EEOC to pursue conciliation with Service Master.

*C. Scope of Suit*

The scope of a Title VII suit extends as far as the scope of an investigation which could reasonably grow out of the charge filed. *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). The reasonable limits of an investigation potentially triggered by an EEOC charge define not only the substantive limits of a subsequent Title VII action, but also the parties potentially liable in that action. *See Tillman v. City of Boaz*, 548 F.3d 592 (5th Cir. 1977). In *Tillman*, the court found that the city was liable under Title VII, even though it was not specifically named as a respondent, because a letter to the EEOC specifically incorporated the city into the charge. *Id*. There is no precedent to suggest that an investigation into a parent company reasonably follows an administrative charge against its subsidiary absent circumstances

such as those extant in *Tillman*.[3]

Here, the charge names only Terminix as the respondent. There are no materials incorporating Service Master into the charge. Even if Terminix and Service Master were joint employers or a single enterprise, Service Master was not named in the administrative charge; thus, suit cannot be brought against it based on the original charge. The Court **GRANTS** the EEOC leave to amend the charge, if it wishes to proceed with further investigation and conciliation with Service Master.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. This action is **STAYED** until October 8, 2007 to allow the EEOC to amend the administrative charge and pursue conciliation with Service Master. Following such attempt at conciliation, the EEOC may amend its First Amended Complaint to address the deficiencies identified in this order.

**SO ORDERED**.

June 26, 2007.

 _____
 BARBARA M.G. LYNN
 UNITED STATES DISTRICT JUDGE
 NORTHERN DISTRICT OF TEXAS

---

[3] In a vacated decision, the Fifth Circuit found that when a charge named a local union as a respondent, it did not follow that the EEOC could bring a charge against the international union. *See Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981), *vacated sub nom. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Terrell*, 456 U.S. 955 (1982).