IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 3-06CV1761-M |
| v. | } } } | AMENDED COMPLAINT |
| THE TERMINIX INTERNATIONAL COMPANY L.P. | } } } | JURY TRIAL DEMANDED |
| Defendants. | } } | |

### EEOC'S THIRD AMENDED COMPLAINT

COMES NOW Plaintiff Equal Employment Opportunity Commission ("EEOC") and files this Third Amended Complaint. This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Party Saddaka Morehead, Aggrieved Individuals AC. Jenkins and Rickey Reese and similarly-situated Black employees, who were adversely affected by such practices. The Commission alleges that Defendant, The Terminix International Company L.P., ("Terminix") discriminated against Mr. Morehead, Mr. Jenkins and Mr. Reese and similarly-situated employees by failing or refusing to promote them to the position of Pest Control Service Technician because of their race, Black. The Commission also alleges that Defendant terminated Charging Party Saddaka Morehead in retaliation for complaining about the discrimination.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331,

**EEOC'S THIRD AMENDED COMPLAINT** 1

1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, Defendant, The Terminix International Company L.P., has continuously been and is now doing business in the State of Texas, and has continuously had at least 501 or more employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Morehead filed a charge with the Commission alleging violations of Title VII by Defendant Terminix.  All conditions precedent to the institution of this lawsuit have been fulfilled. Terminix has waived service.

7. During the employment of Mr. Morehead, Mr. Jenkins, Mr. Reese and similarly-

situated Black employees, the Defendant engaged in unlawful employment practices, in violation of section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2, by failing and refusing to promote Mr. Morehead, Mr. Jenkins and Mr. Reese and similarly-situated Black employees to the position of Pest Control Service Technician because of their race, Black, and in violation of Section (704)(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Saddaka Morehead from his employment in retaliation for complaining of the harassment.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Mr. Morehead, Mr. Jenkins, Mr. Reese and similarly-situated Black employees of equal employment opportunities and otherwise adversely affect their status as an employees because of their race.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or reckless indifference to the federally protected rights of Mr. Morehead, Mr. Jenkins, Mr. Reese and similarly situated Black employees.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, The Terminix International Company, L.P., its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates in violation of Title VII.

B. Order the Defendant to institute and carry out policies, practices, and programs

which provide equal employment opportunities for Mr. Morehead, Mr. Jenkins, Mr. Reese and similarly situated Black employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Mr. Morehead, Mr. Jenkins, Mr. Reese and similarly-situated Black employees by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to rightful place promotion.

D. Order the Defendant to make whole Mr. Morehead, Mr. Jenkins and Mr. Reese and similarly-situated Black employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E. Order the Defendant to make whole Mr. Morehead, Mr. Jenkins, Mr. Reese and similarly-situated Black employees, by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

F. Order the Defendant to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel


ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


  /s/ William C. Backhaus
WILLIAM C. BACKHAUS
Senior Trial Attorney
Texas Bar No. 0149380

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
207 S. Houston St., Third Floor
Dallas, Texas 75238
(214) 253-2742
(214) 253-2749 (fax)